# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
02/13/2017 07:49:12 AM

CLERK OF THE COURT

**COMP**
DAVID J. CHURCHILL, ESQ. (SBN:7308)
JARED B. ANDERSON, ESQ. (SBN: 9747)
INJURY LAWYERS OF NEVADA
6900 Westcliff Drive, Suite 707
Las Vegas, Nevada 89145
Telephone: (702) 868-8888
Facsimile: (702) 868-8889
david@injurylawyersnv.com
jared@injurylawyersnv.com
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

MARGARITA HUERTA,

        Plaintiffs,

vs.

BODEGA LATINA CORPORATION d/b/a EL SUPER; DOES I-X, and ROE ENTITIES I-X, inclusive,

        Defendants.

CASE NO.: A-17-750960-C
DEPT NO.: X

## COMPLAINT

COMES NOW, Plaintiff, MARGARITA HUERTA, by and through her attorneys, JARED B. ANDERSON, ESQ. and DAVID J. CHURCHILL, ESQ., of INJURY LAWYERS OF NEVADA, and for her causes of action against Defendants, and each of them, complains and alleges as follows:

I.

### JURISDICTION

1. At all times relevant herein, Plaintiff MARGARITA HUERTA was and is a resident of Clark County, Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant BODEGA LATINA CORPORATION was a foreign corporation doing business as "EL SUPER" and was licensed to do business in the State of Nevada.

Complaint - 1

3. All the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

4. Defendants and each of them have had sufficient contacts with the State of Nevada so as to confer jurisdiction of this Court over them.

5. That the names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I-X and ROE ENTITIES I-X, inclusive, are unknown to Plaintiff at the time of the filing of this Complaint, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including those designated herein as DOE and ROE ENTITIES are legally responsible for the injuries and damages to Plaintiff as herein alleged. At such time that Plaintiff determines the true identities of the DOE and ROE ENTITIES, Plaintiff will seek leave of this Court to amend this Complaint to set forth the proper names of those Defendants as well as asserting appropriate charging allegations.

6. At all times mentioned herein, each and every defendant, including DOES I-X and ROE CORPORATIONS I-X, were agents, servants, employees, partners or joint venturers of every other defendant named herein, and were acting within the scope and course of said agency, employment, partnership or joint venture with knowledge and consent of all other named defendants breached their contractual and fiduciary duties to plaintiff.

7. Defendants and each of them owned and were charged with controlling, inspecting, maintaining, managing or were otherwise responsible for the condition of the premises located within Defendant EL SUPER.

/ / /

/ / /

/ / /

## II.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. That at all times relevant hereto the Defendants were and are the owners and occupiers of a grocery store commonly known as EL SUPER.

9. That the Defendants owed a duty to Plaintiff to maintain their premises in a safe condition, including a duty to maintain any and all flooring and/or walkways in a safe condition.

10. That on or about June 2, 2015, Plaintiff was a patron at the subject EL SUPER. At the time of the incident the Plaintiff slipped on a grape that was on the floor which caused her to fall and suffer injuries.

11. That the Defendants failed to use reasonable and ordinary care under the circumstances and caused and/or allowed a foreign substance to be on the floor and caused a dangerous condition to exist in the walkways and/or flooring of the Defendant's premises.

12. That the slippery nature and condition of the flooring constituted a hazardous and unreasonably dangerous condition for patrons.

13. That the Defendants operated a self serve grocery store and delegated to their customers duties which have traditionally been carried out by employees. This mode of operation was performed dangerously and without taking reasonable care to avoid causing hazards to customers such as the foreign substance which caused the plaintiff to fall.

14. That the incident and the injuries to Plaintiff MARGARITA HUERTA were directly and proximately caused by the negligence of Defendants and each of them who failed to maintain the property and/or premises in a reasonably safe condition. As a direct and proximate result, Plaintiff MARGARITA HUERTA suffered personal injuries to her body, some or all of which may be permanent and lasting in nature and which injuries caused pain and suffering to the Plaintiff in an amount in excess of $15,000.

15. That at all times mentioned herein and prior to the incident referred to herein above, the Defendants and each of them, knew or should have known of the existence of a dangerous condition of the property created by virtue of the lack of maintenance of the premises. The Defendants and each of them failed to take the appropriate measures to ensure the safety of their customers on their property. By virtue of the foregoing negligence of Defendants, which negligence was and is concurrent and simultaneous, Defendants failed to maintain their property and/or premises in a reasonably safe condition as required by law in order to preserve the health, safety and welfare of members of the public, including Plaintiff MARGARITA HUERTA, who was a patron and was lawfully present on the property.

16. As a further direct and proximate result of the foregoing negligence of Defendants and each of them, Plaintiff MARGARITA HUERTA sustained personal injuries and has and may in the future be caused to expend sums of money for medical care and treatment and related expenses which are incidental thereto, the exact amount of which cannot at this time be ascertained or determined, even as much as the same are still accruing. The Plaintiff will request leave of Court to amend the Complaint accordingly to show such damages at or before the time of hearing or trial of this matter.

17. That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and she should be entitled to an award of reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount to be proven at the time of trial;

2. For wages lost in an amount to be proven at the time of trial;

3. For special damages in an amount in excess of $15,000.00;

4. For attorneys' fees and costs of suit incurred herein; and

5.   For such other and further relief as this Court may deem just and proper.

Dated this 10th day of February, 2017.

                                      INJURY LAWYERS OF NEVADA

                                      By: _____
                                          JARED B. ANDERSON, ESQ. (SBN: 9747)
                                          6900 Westcliff Drive, Suite 707
                                          Las Vegas, Nevada 89145
                                          Attorneys for Plaintiff

```
IAFD
DAVID J. CHURCHILL  (SBN: 7308)
JARED B. ANDERSON (SBN: 9747)
INJURY LAWYERS OF NEVADA
6900 Westcliff Drive, Suite 707
Las Vegas, Nevada 89145
Telephone: 702-868-8888
Facsimile: 702-868-8889
david@injurylawyersnv.com
julie@injurylawyersnv.com
Attorneys for Plaintiff
```

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| MARGARITA HUERTA, | CASE NO.: |
| | DEPT NO.: |
| Plaintiffs, | |
| vs. | |
| | **INITIAL APPEARANCE FEE** |
| BODEGA LATINA CORPORATION d/b/a EL SUPER; DOES I-X, and ROE ENTITIES I-X, inclusive, | **DISCLOSURE (NRS CHAPTER 19)** |
| Defendants. | |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

Plaintiff Margarita Huerta          $270.00

TOTAL REMITTED:                     $270.00

DATED this _10th_ day of February, 2017.

INJURY LAWYERS OF NEVADA

By: _____
DAVID J. CHURCHILL, ESQ.
JARED B. ANDERSON, ESQ.
6900 Westcliff Drive, Suite 707
Las Vegas, Nevada 89145
Attorneys for Plaintiff

# DISTRICT COURT CIVIL COVER SHEET

_____ County, Nevada
Case No. A-17-750960-C
*(Assigned by Clerk's Office)* X

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| MARGARITA HUERTA | BODEGA LATINA CORPORATION DBA |
|  | EL SUPER |
|  | DOES 1 through 10; and ROE ENTITIES 1-10 |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| DAVID CHURCHILL, ESQ. / JARED B. ANDERSON, ESQ. / INJURY LAWYERS OF NEVADA | |
| 6900 WESTCLIFF DR., SUITE 707 | |
| LAS VEGAS, NV 89145 | |
| (702)868-8888 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☒ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

2/10/17
Date

Signature of initiating party or representative

*See other side for family-related case filings.*